IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> LANDOAK SECURITIES, LLC PATRICK L. MARTIN; and MICHAEL A. ATKINS, <br><br> Defendants. | Civil Action No. 3:08-CV-0209 (Phillips/Guyton) |

## JUDGMENT AS TO DEFENDANTS LANDOAK SECURITIES, LLC AND PATRICK L. MARTIN

The Securities and Exchange Commission (the "Commission") having filed a Complaint and Defendants LandOak Securities, LLC ("LandOak") and Patrick L. Martin ("Martin") (collectively, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants LandOak and Martin, as well as their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined

from violating or aiding and abetting violations of Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and (2)] by, directly or indirectly, making use of means and instruments of transportation or communication in interstate commerce and of the mails, while acting as or aiding and abetting an investment adviser,

> (1) to employ any device, scheme, or artifice to defraud any client or prospective client; or
>
> (2) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants LandOak and Martin, as well as their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating or aiding and abetting violations of Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-2 thereunder [17 C.F.R. § 275.206(4)-2] by, directly or indirectly, making use of means and instruments of transportation or communication in interstate commerce and of the mails, while acting as or aiding and abetting an investment adviser, to engage in any act, practice, or course of business which is fraudulent, deceptive or manipulative.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants LandOak and Martin, as well as their officers, agents, servants, employees, attorneys, and

those persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating or aiding and abetting violations of Section 207 of the Advisers Act [15 U.S.C. § 80b-7] by willfully making any untrue statement of a material fact in a registration application or report filed with the Commission under Section 203 or 204 of the Advisers Act [15 U.S.C. § 80b-3 or 15 U.S.C. § 80b-4] or willfully omitting to state in any such application or report any material fact which is required to be stated therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant LandOak, as well as its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 204 of the Advisers Act [15 U.S.C. § 80b-4] and Rule 204-2 thereunder [17 C.F.R. § 275.204-2] by, acting as an investment adviser and making use of the mails or of any means or instrumentality of interstate commerce in connection with its business as an investment adviser, failing to make, keep for prescribed periods, or furnish copies of such records as, and make and disseminate such reports as, the Commission, by rule, may prescribe.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Martin, as well as his agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting

3

any violation of Section 204 of the Advisers Act [15 U.S.C. § 80b-4] and Rule 204-2 thereunder, 17 C.F.R. § 275.204-2, by knowingly providing substantial assistance to an investment adviser (other than one specifically exempted from registration pursuant to Section 203(b) of the Advisers Act) which, making use of the mails or of any means or instrumentality of interstate commerce in connection with its business as an investment adviser, fails to make, keep for prescribed periods, or furnish copies of such records as, and make and disseminate such reports as, the Commission, by rule, may prescribe.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants LandOak and Martin are liable for disgorgement of $880,512.16, representing ill-gotten gains as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $111,628.38, for a total of $992,140.54. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest through collection procedures authorized by law at any time after 60 days following entry of this Final Judgment. Payments under this paragraph shall be made to the Clerk of this Court, together with a cover letter identifying LandOak and Martin as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendants shall simultaneously transmit photocopies of each such payment and letter to the Commission's counsel in this action. Defendants relinquish all legal and equitable right, title, and interest in such payments, and no part of the funds shall be returned to Defendants. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of

4

K DEF 268516 v3
0-0 03/25/2011

Case 3:08-cv-00209   Document 32-1   Filed 03/25/11   Page 4 of 6   PageID #: 169

interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that if the Commission and the Defendants cannot agree on whether a civil penalty should be imposed or the amount of any such civil penalty pursuant to Section 209(c) of the Advisers Act [15 U.S.C. § 80b-9(e)] upon motion of the Commission, the Court shall determine whether a civil penalty pursuant to Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)] is appropriate and, if so, the amount of the penalty. In connection with the Commission's motion for civil penalties, and at any hearing held on such a motion: (a) Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendants may not challenge the validity of the Consent or this Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits,

declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants LandOak and Martin shall comply with all of the undertakings and agreements set forth therein.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated: MARCH 28, 2011

*Thomas W. Phillips*
THE HONORABLE THOMAS W. PHILLIPS
UNITED STATES DISTRICT JUDGE