UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SECURITIES AND EXCHANGE ) | |
| COMMISION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:08-CV-209 |
| ) | (PHILLIPS/GUYTON) |
| v. ) | |
| ) | |
| LANDOAK SECURITIES, LLC, ) | |
| PATRICK L. MARTIN, and ) | |
| MICHAEL A. ATKINS, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 40], referring the Motion of Securities and Exchange Commission to Impose a Civil Penalty Against Patrick L. Martin [Doc. 34], to the undersigned for report and recommendation.

**I.      BACKGROUND**

The Complaint in this matter was filed May 22, 2008, moving this Court to enjoin violations of the federal securities laws, to obtain disgorgement of ill-gotten gains with prejudgment interest, and to pursue civil penalties against Defendants LandOak Securities, LLC, a advisor and broker-dealer registered with the Securities and Exchange Commission ("the Commission"), and its current and former owners, Patrick L. Martin and Michael A. Atkins.

In the Amended Complaint, filed June 26, 2009, the Commission alleges that Defendants Martin and Atkins sold investors approximately $3.6 million in promissory notes and membership interests in LandOak Mortgage ("LandOak Mortgage"), a Tennessee limited liability company founded and controlled by Defendants Martin and Atkins. [Doc. 16 at ¶ 2]. The Commission alleges that in July 2002, Defendants Martin and Atkins took $1,545,000.00 from Land Oak Mortgage's bank account and diverted the funds to Tice Technologies, Inc., a company in which both owned a substantial interest. [Doc. 16 at ¶ 4-5]. In addition, the Commission alleges that Defendant Martin misappropriated $920,000.00 for his personal use. [See Doc. 16 at ¶ 6-7]. The Commission also alleges that Defendant Martin and LandOak Securities failed to maintain certain books and records required of registered investment advisors and that they made false statements and material omissions in LandOak Securities' submissions to the Commission. [Doc. 16 at ¶ 8].

On June 26, 2009, the Commission and Defendant Atkins filed a consent to judgment, along with a proposed final order agreed upon by the parties. [Doc. 17]. The proposed judgment ordered, *inter alia*, that Defendant Atkins pay a civil penalty in the amount of $25,000. [Doc. 17 at 7]. It did not propose an amount for disgorgement. The Honorable Thomas W. Phillips, United States District Judge, entered the Final Judgment as to Defendant Michael A. Atkins, as proposed by the parties, on August 11, 2009, and ordered that Defendant Atkins pay a $25,000.00 civil penalty. [Doc. 18].

In a similar fashion, the Commission and Defendants LandOak Securities and Patrick Martin filed a consent to judgment with the Court on March 25, 2011. [Doc. 32]. This consent to judgment, and the agreed order included with it, proposed that the Defendant LandOak Securities and Patrick Martin be ordered to pay disgorgement in the amount of $880,512.16, plus

prejudgment interest thereon in the amount of $111,628.38. [Doc. 32 at ¶ 2]. The Commission and the Defendants were negotiating the amount of the civil penalty, but they stipulated that if they could not agree to an amount for the penalty, the Court "shall determine whether a civil penalty pursuant to Section 209(e) of the Advisers Act . . . is appropriate and, if so, the amount of the penalty." [Doc. 32 at ¶ 3]. Judge Phillips entered the Judgment as to Defendants LandOak Securities, LLC and Patrick L. Martin [Doc. 33] on March 29, 2011.

On August 30, 2011, the Commission filed the instant Motion to Impose a Civil Penalty Against Patrick L. Martin [Doc. 34], to which Defendant Martin has responded in opposition, [Doc. 39]. This issue was referred to the undersigned on November 3, 2011. The Court finds that it is now ripe for adjudication, and for the reasons stated below, the Court will **RECOMMEND** that the Motion to Impose a Civil Penalty be **GRANTED IN PART** and **DENIED IN PART**.

## II. POSITIONS OF THE PARTIES

In the Motion to Impose a Civil Penalty Against Patrick L. Martin, the Commission states that the parties were not able to agree to an amount for the civil penalty, and the Commission requests that the Court impose a "substantial" civil penalty against Defendant Martin. [Doc. 34 at 1].

In its Memorandum of Law [Doc. 35], the Commission reviews the facts of the Complaint.[1] The Commission maintains that Defendant Martin's conduct in this matter was

---

[1] In its Memorandum [Doc. 35], the Commission cites to allegations contained in the Complaint [Doc. 1], which has been replaced by the Amended Complaint [Doc. 16], without explanation. Generally, a Complaint is replaced, in its entirety, by the Amended Complaint. See Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008) "[U]nder ordinary rules of pleading and practice, the amended complaint would have replaced the original complaint lock, stock, and barrel.") The Consent to Judgment as to Defendants LandOak Securities, LLC, and Patrick L. Martin [Doc. 32] refers to "the complaint" generically.

3

egregious, was not isolated, and entailed a high degree of scienter. [Doc. 35 at 11]. Further, the Commission argues that Defendant Martin has not presented any evidence that would weigh against the imposition of a civil penalty. [Doc. 35 at 12]. The Commission reviews the criteria for imposing and calculating civil penalties under 15 U.S.C. § 77t and requests that the Court impose a "substantial" penalty. [Doc. 35 at 10-13]. The Commission does not, however, suggest any specific amount the Court should impose as a civil penalty.

In response, Defendant Martin states that he does not dispute that a civil penalty may be imposed against him. He requests, however, that the Court consider that Defendant Martin cooperated fully during the investigation of this matter. [Doc. 39 at 1]. Defendant Martin asserts that the Commission requested such a breadth of financial information that he did not have the resources to obtain all of the information, and he was not able to submit financial information demonstrating his inability to pay a civil penalty. [Doc. 39 at 1]. Defendant Martin states that he entered into a consent judgment because he desires to repay investors and would like to avoid expensive litigation. [Doc. 39 at 2]. He submits that a hefty civil fine will impede his ability to pay the judgment against him. [Doc. 39 at 2].

Defendant Martin suggests that a civil penalty in the amount of $25,000.00 would be appropriate. [Doc. 39 at 2]. He notes that the Commission settled its claims against Defendant Michael Atkins for a civil penalty of $25,000.00, leaving Defendant Martin to bear the entire burden of repaying investors. [Doc. 39 at 2].

## III. ANALYSIS

The only remaining issue in this case and the issue before the Court is the amount of the civil penalty to be imposed against Defendant Martin. The Commission has suggested that the

4

civil penalty imposed be "substantial," but the Commission has not stated an amount certain for the Court to consider.[2] Defendant Martin has suggested that a civil penalty of $25,000.00 would be appropriate.

Section 20(d) of the Securities Act of 1933 and § 21(d) of the Securities Exchange Act of 1934 provide the Commission the authority to bring an action in a United States district court seeking a civil penalty for violation of securities regulations. Sections 20(d) and 21(d) direct that a civil penalty may be awarded by the court upon "a proper showing." 15 U.S.C. § 77t(d)(1). Congress has established three tiers of penalties, which increase the amount of the available penalty depending upon the nature and circumstances of the violation See 15 U.S.C. § 77t(d)(2).

Third-tier penalties may be imposed to punish a violation involving "fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement" if the violation "directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons." 15 U.S.C. § 77t(d)(2)(C). Such penalties cannot exceed the greater of $130,000 per violation for a natural person, or "the gross amount of pecuniary gain to such defendant as a result of the violation." 15 U.S.C. § 77t(d)(2)(C); see 17 C.F.R. §§ 201.1001, 201.1002 (adjusting the statutory provisions for inflation).

In this case, the Court finds that Defendant Martin has committed a violation involving fraud and deceit that directly and indirectly resulted in substantial losses to other persons. Thus, the Court may impose a third-tier penalty of up to $130,000, per violation. The Court has, however, considered the circumstances of this case, and the Court finds that a civil penalty in the amount of $30,000.00 is appropriate and will serve to deter Defendant Martin from future violations of securities regulations.

---

[2] The Court would note that in cases cited by the Commission in its brief, other courts have directed that the Commission's failure to request "an amount certain will result in the forfeiture of the civil penalties." SEC v. GMC Holding Corp., 2009 WL 506872, at 1 (M.D.Fla. Feb. 27, 2009)

The majority of the allegations in the Amended Complaint refer to both Defendant Martin and Defendant Atkins. [See, e.g., Doc. 16 at ¶ 2 ("Martin and Atkins sold investors approximately $3.6 million in promissory notes and membership interests . . . ."), at ¶ 4 ("Martin and Atkins took $1,545,000 from LandOak Mortgage's bank account . . ."), and at ¶ 5 ("Both Martin and Atkins owned a substantial interest in [a company to which funds were diverted]")].

The major distinction between the deeds of Defendant Martin and Defendant Atkins is that Defendant Martin misappropriated an additional $920,000, to make a loan to himself and settle a lawsuit pending against him individually. [Doc. 16 at ¶ 6-8]. The judgments to which the parties agreed in this case reflect this difference. Defendant Atkins was ordered to pay a $25,000.00 penalty, whereas Defendant Martin has been made liable for a disgorgement and interest totaling $992,140.54.[3]

The Commission has not specifically stated what it believes to be "the gross amount of pecuniary gain" to Defendant Martin, and thus, it appears that the Commission intends for the Court to set a penalty under § 77t(d)(2)(C)(i) rather than § 77t(d)(2)(C)(ii). As stated above, this penalty is capped at $130,000 for a natural person. The Court has considered the facts of this case and the penalties imposed on the other actors in this scheme.

The Court has also considered the penalties imposed by other courts. See SEC v. Sayler, 2010 WL 3283026 (E.D. Tenn. Aug. 18, 2010) (Greer, J.) (imposing the $130,000.00 penalty requested by the Commission where defendant took approximately $6,000,000.00 from investors); SEC v. Tecumseh Holdings Corp., 765 F. Supp. 2d 340, 359 (S.D.N.Y. 2011) (imposing penalty of $110,000, where investors had lost $10,000,000.00 to defendant whose fraud was particularly egregious because he was a securities attorney with 40 years of

---

[3] This liability was imposed upon both Defendant Martin and LandOak Securities [Doc. 33 at 4], an entity which is owned by Defendant Martin and Defendant Atkins, [see Doc. 16 at ¶ 1].

6

experience). The Court finds that a civil penalty of $30,000.00 would be proportional to and commensurate with the civil penalties that have been imposed in other cases within this district and would serve the statutory goal of deterring future violations of federal securities laws, see SEC v. Coates, 137 F. Supp. 2d 413, 428-29 (S.D.N.Y. 2001).

After considering the record as a whole, the Court finds that the evidence brought before it supports awarding a civil penalty in the amount of $30,000.00 against Defendant Patrick Martin.

IV. CONCLUSION

The undersigned **RECOMMENDS**[4] that the Motion of Securities and Exchange Commission to Impose a Civil Penalty Against Patrick L. Martin **[Doc. 34]** be **GRANTED IN PART** and **DENIED IN PART**. The undersigned **RECOMMENDS** that the Motion to Impose a Civil Penalty be **GRANTED** to the extent that it requests a civil penalty be imposed against Defendant Martin, and the undersigned **RECOMMENDS** that a civil penalty of **$30,000.00** be imposed against Defendant Patrick Martin in this case. The undersigned **RECOMMENDS** that it be **DENIED** to the extent it requests a civil penalty greater than $30,000.00 be imposed against Defendant Martin.

Respectfully Submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).